UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14013-CR-MARRA/LYNCH

UNITED STATES OF AMERICA,

v.

CEDRIC ANTHONY REESE,

          Defendant.
_____/

OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO WITHDRAW HIS GUILTY PLEA

This matter came before the Court upon Defendant Cedric Anthony Reese's Motion to Withdraw Guilty Plea. DE 40. The United States opposes the motion. An evidentiary hearing was conducted on the motion. After considering the evidence presented, the argument of counsel and otherwise being duly advised in the premises, it is hereby ORDERED AND ADJUDGED as follows:

I. **FACTUAL BACKGROUND.**

Defendant was charged by indictment with: (1) possession with the intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1); (2) possession of one or more firearms in and affecting commerce after having been convicted of a felony offense in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and (3) possession of a short-barreled shotgun that was not registered to him in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871. DE 1. At the time of Defendant's arrest, he gave a post-Miranda statement admitting that the firearms seized were his. Transcript of Change of Plea Colloquy at 21. Because Defendant was found to be

indigent, Assistant Federal Public Defender Lori Barrist was appointed to represent him.

On May 26, 2006, Defendant signed a Plea Agreement which provided that he would plead guilty to the charge of possession with intent to sell the cocaine base and to the charge of a felon being in possession of firearms in and affecting interstate commerce.  In exchange for his guilty plea, the United States agreed to dismiss the remaining count of possession of an unregistered short-barreled shot gun.  DE 28.   On June 15, 2006, Defendant appeared before the Court and, after a thorough Rule 11 change of plea colloquy, entered a plea of guilty in accordance with the Plea Agreement.  At that time, Defendant admitted the factual predicate underlying the charges to which he pled guilty.  Transcript of Change of Plea Colloquy at 19-22.  The Court accepted Defendant's plea of guilty after finding Defendant's plea was knowingly and voluntarily made.  Transcript of Change of Plea Colloquy at 22-23.  A hearing was then scheduled for Defendant's sentencing.  Prior to sentencing, Defendant and his attorney met with a representative of the probation office who was assigned to prepare a Presentence Investigation Report.  During that meeting, Defendant provided an oral statement to the probation officer admitting his guilt.  Transcript of Hearing on Motion to Withdraw Guilty Plea at 54-55.  Subsequently, at the sentencing hearing, Defendant advised the Court that he wanted to withdraw his guilty plea and alleged that his attorney coerced him to plead guilty.  As a result of this accusation, the Court allowed Defendant's attorney to withdraw.  Another attorney was then appointed to represent Defendant.

Defendant's new counsel filed the present motion seeking to have Defendant's guilty plea withdrawn.  In the present motion, Defendant alleges that he advised Ms. Barrist that he had witnesses who could exculpate him and that he did not want to plead guilty.  Defendant further

2

asserts that later Ms. Barrist met with him and presented him with a Plea Agreement. After discussing the Plea Agreement with Ms. Barrist, he signed it. Defendant asserts, however, that after signing the Plea Agreement, but before he appeared before the Court to change his plea, he advised Ms. Barrist that he did not want to change his plea and that he wanted to proceed to trial. Defendant claims that the reason he went forward at the change of plea hearing was because Ms. Barrist led him to believe that he had no other choice after having signed the Plea Agreement. DE 40 at 2-3.

At the evidentiary hearing, Defendant testified that Ms. Barrist told him he could not win at trial and that he would get more time if he went to trial. Defendant further testified that after signing the Plea Agreement he advised Ms. Barrist that he did not want to enter a plea, but that she said it was too late to change his mind. After entering his guilty plea, Defendant attested that he continued to tell Ms. Barrist that he did not want to plead guilty, that he was, in fact, not guilty and that he wanted a trial.

Ms. Barrist also testified at the hearing. Ms. Barrist denied that Defendant ever indicated he did not want to plead guilty before he signed the Plea Agreement or before the change of plea hearing. In fact, Ms. Barrist testified that Defendant signed a proffer letter in an attempt to cooperate with the United States, although he later changed his mind about cooperating. Despite his ultimate decision not to cooperate, Ms. Barrist testified that Defendant never indicated he changed his mind about pleading guilty. Ms. Barrist asserted that it was not until shortly before the scheduled sentencing that Defendant first accused her of forcing him to plead guilty. She further testified that her office attempted to locate the witnesses Defendant claimed could exculpate him, but that the witnesses proved not to be of any assistance. Ms. Barrist's

3

investigator, Joseph Carmach, corroborated Ms. Barrist's testimony relative to the unhelpfulness of the witnesses Defendant claimed would exonerate him and he testified that before September 8, 2006, shortly before the scheduled sentencing, he never heard Defendant state he did not want to plead guilty.

## II. LEGAL STANDARD.

A defendant may withdraw a plea of guilty after the court accepts the plea, but before sentence is imposed, if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Although this provision of Rule 11 is to be liberally construed, there is no absolute right to withdraw a guilty plea prior to the imposition of a sentence, and the defendant has the burden of showing a "fair and just reason" for withdrawal of his plea. *United States v. Buckles,* 843 F.2d 469, 471 (11th Cir. 1988). In determining whether the defendant has met his burden, the district court may consider the totality of the circumstances surrounding the plea. *Id.* at 471-72. The factors the district court must analyze include: (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea. *Id.* at 472. The good faith, credibility and weight of the defendant's assertions in support of the motion are issues for the district court to consider. *Id.*

With regard to the factor of whether the plea was knowing and voluntary, it has been recognized that "[a]ll pleas of guilty are the result of some pressures or influences on the mind of the defendant...If the best professional advice that a lawyer can give is to enter a guilty plea and the accused relies on his lawyer's expertise, the accused cannot successfully urge the plea was

4

involuntary on the basis of counsel coercion." *Schnautz v. Beto,* 416 F.2d 214, 215 (5th Cir. 1969).[1] Additionally, the absence of a showing of prejudice to the government is not, by itself, sufficient to mandate permission to withdraw a plea where no credible reason is offered. *United States v. Rasmussen,* 642 F.2d 165, 168 n.6 (5th Cir. 1981); *accord Buckles,* 843 F.2d at 474. The lack of prejudice, however, may be taken into account in assessing the defendant's motion. *Id.*

### III. DEFENDANT HAS NOT MET HIS BURDEN TO ALLOW THE WITHDRAWAL OF HIS GUILTY PLEA.

When applying the legal standard that Defendant must meet to the facts of this case, Defendant falls woefully short of his burden. First, as to the question of whether close assistance of counsel was available to Defendant, the answer is an unqualified yes. The Court finds that Ms. Barrist provided competent and effective representation to Defendant. Based upon the evidence seized by the United States, which was outlined in the factual proffer advanced by the government at the change of plea hearing, combined with Defendant's admissions at the time of his arrest and his criminal history which could have enhanced his minimum mandatory sentence, Ms. Barrist negotiated a favorable Plea Agreement for Defendant. The Court also finds that Ms. Barrist properly advised Defendant of his options and gave him the benefit of her expertise. That expertise strongly suggested that Defendant's best course of action was to plead guilty or, as Defendant testified he was told, in all likelihood he would get more time in prison.

Second, as to the question of whether Defendant's plea was knowing and voluntary, the answer is also an unqualified yes. The Court rejects Defendant's false testimony that he

---

[1] All decisions of the Fifth Circuit Court of Appeals handed down prior to October 1, 1981 are binding precedent in the Eleventh Circuit Court of Appeals. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981).

consistently advised Ms. Barrist that he did not want to plead guilty and that he wanted a trial. The Court accepts as true Ms. Barrist's testimony that it was not until shortly before the scheduled sentencing that Defendant first indicated he wanted a trial, that he claimed she forced him to plead guilty and that he wanted to withdraw his guilty plea. The Court finds that at the time he entered his plea of guilty, Defendant did so knowingly and voluntarily. Defendant's plea was not the result of coercion or undue influence. What occurred in this case is precisely what the court described in *Schnautz,* namely that: "If the best professional advise that a lawyer can give is to enter a guilty plea and the accused relies on his lawyer's expertise, the accused cannot later successfully urge the plea was involuntary on the basis of counsel coercion." *Schnautz,* 416 F.2d at 215. The Court finds that Defendant simply changed his mind about his prior uncoerced decision to plead guilty and concocted a false story to attempt to undue what he later determined to be a poor decision.

The third factor for the Court to consider is whether judicial resources would be conserved. In this case, as was the case in *Buckles,* 843 F.2d at 474, enough judicial resources have already been expended. Defendant has received both a complete Rule 11 proceeding and a full evidentiary hearing on the present motion. Defendant's false accusations against Ms. Barrist has resulted in the unjustified need to appoint another attorney to represent Defendant in this matter and squander limited funds available for court appointed counsel under the Criminal Justice Act. The Court finds that consideration of this factor weighs against the granting of Defendant's motion.

Lastly, the Court must consider whether the government would be prejudiced by allowing Defendant to withdraw his plea. The United States candidly admitted that it would not be

6

prejudiced if Defendant's motion is granted.  That fact, however does not end the inquiry.  It is only a factor for the Court to consider.  *Rasmussen,* 642 F.2d at 168 n.6; *see Buckles,* 843 F.2d at 474.  Defendant has presented no credible or good faith reason to grant his motion.  In view of the other factors which weigh against the granting of Defendant's motion and the bad faith manner in which Defendant has proceeded on this motion, the lack of prejudice to the government is not, by itself, sufficient to meet Defendant's burden.

### IV.  CONCLUSION.

Defendant has not carried his burden to show a "fair and just reason" to allow him to withdraw his plea of guilty.  As a result, Defendant's motion [DE 40] is **DENIED.**  This matter will be rescheduled for sentencing by separate order.  Defendant is hereby put on notice that at sentencing he should be prepared to address the question of whether his advisory guideline sentencing range should be increased for obstruction of justice based upon the false testimony he presented at the evidentiary hearing on the present motion.

Done and ordered in Chambers in West Palm Beach, Palm Beach County, Florida, this 12th day of July, 2007.

KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel of Record